UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD CHRISTOPHER GALKA,

        Petitioner,                      Case No. 1:22-cv-10121

v.                                        Honorable Thomas L. Ludington
                                            United States District Judge

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE OF CASE NO. 5:21-CV-13031**

On January 20, 2022, Petitioner Edward Christopher Galka, incarcerated at the Federal Correctional Institution in Lisbon, Ohio, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In his application, Petitioner challenges his conviction out of the Eastern District of Michigan for wire fraud, identity theft, and theft of government funds. *See United States v. Galka,* No. 5:16-CR-20254 (E.D. Mich. Dec. 29, 2020). As explained hereafter, this Court will dismiss the petition as duplicative of another habeas petition pending before United States District Judge Judith E. Levy. *See id.*, ECF No. 131.

On December 13, 2021, petitioner filed a petition for a writ of habeas corpus challenging his 2017 convictions in the Eastern District of Michigan for wire fraud, identity theft, and theft of government funds. ECF No. 1. Petitioner claims that he was denied the effective assistance of counsel and that the court erred in ordering him to pay restitution. *See generally id.* That petition remains pending before Judge Levy. *See* Pet., *United States v, Galka*, No. 5:21-CV-13031 (E.D. Mich. Dec. 13, 2021), ECF No. 1.

On January 20, 2022, Petitioner filed the petition in this case, raising the same claims that he presented in his petition before Judge Levy. For this reason, the petition in this case will be dismissed as duplicative of Petitioner's pending petition before Judge Levy.[1]

"A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions." *Harrington v. Stegall*, No. 02-CV-70573-DT, 2002 WL 373113, at *2 (E.D. Mich. Feb. 28, 2002) (citing *Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) , *aff'd but criticized*, 225 F.3d 1100 (9th Cir. 2000)). Petitioner's current habeas petition is duplicative of his still-pending first habeas petition, as both petitions seek the same relief. *See id.*; *see also Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (6th Cir. Mar. 7, 1989) (affirming dismissal of habeas petition as duplicative because district court found that petition was "essentially the same as [an] earlier petition"); *Davis v. Sherry,* No. 5:07-12470, 2007 WL 2002881 (E.D. Mich. July 5, 2007) (same). For this reason, the petition in this case will be dismissed.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner need not apply for one with this Court or with the Sixth Circuit before appealing the denial of his habeas petition.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS DUPLICATIVE** of his petition pending before Judge Levy in *United States v. Galka*, No. 5:21-CV-13031 (E.D. Mich. Dec. 13, 2021), ECF No. 1.

---

[1] Petitioner later filed a motion to dismiss the petition in this case as mistakenly filed. *See* ECF No. 2 at PageID.32 (stating that Petitioner "erroneously filed the [petition in this case] as a 28 USC § 2254 instead as [sic] a 28 USC 2255"). Because the petition in this case will be dismissed as duplicative, Petitioner's motion to dismiss will be denied as moot.

Further, it is **ORDERED** that Petitioner's Motion to Dismiss, ECF No. 2, is **DENIED AS MOOT.**

Dated: February 28, 2022         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge